United States District Court
Southern District of Texas
**ENTERED**
May 07, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL JAMES KOUMJIAN, | § § | CIVIL ACTION NO. 4:19-cv-04443 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| COMMISSIONER OF SOCIAL SECURITY and US DIRECT EXPRESS, Defendants. | § § § § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is a motion by Plaintiff Paul James Koumjian. Dkt 6. He proceeds here *pro se* and *in forma pauperis*.

Plaintiff requests an order to direct the United States Marshals Service to investigate and determine the correct address for service of process on Defendant US Direct Express. He also requests appointment of counsel.

The motion is denied.

1. Determination of service address

Plaintiff sues both the Commissioner of Social Security and US Direct Express. The latter disburses social security benefits to him via a debit card. Dkt 1 at ¶ 1. He complains about assertedly fraudulent deductions on his debit card totaling $901.29. Id at ¶ 3.

Plaintiff received permission to proceed *in forma pauperis* in this action in November 2019. Case 4:19-mc-03342, Dkt 2. The standard order stated, "The clerk is ordered to file the complaint and issue a summons. The United States marshal is ordered to serve the summons with a copy of the complaint and this order

on the defendant(s). The United States will advance the costs of service." Id at 1.

The complaint lists only a post office box address in San Antonio for US Direct Express. A minute entry on February 10, 2020 thus states, "The Clerk did not issue the summons to U.S. Direct Express Inc. because the Plaintiff did not provide the U.S. District Clerk with a physical address. Plaintiff has been notified regarding the non physical address."

Plaintiff claims he has no ability to determine the proper address for service of Defendant US Direct Express. He asks the Court to order the United States Marshals Service to make any "investigation needed to identify the Defendant's legal address for service of process." Dkt 6 at 1.

The statute pertinent to actions where the plaintiff proceeds *in forma pauperis* provides, "The officers of the court shall issue and serve all process, and perform all duties in such cases." 28 USC § 1915(d). Federal Rule of Civil Procedure 4(c)(3) additionally provides, "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916."

Neither provision suggests that a plaintiff proceeding *in forma pauperis* may shift the burden to the US Marshals Service or other officer of the court to conduct an investigation to determine the proper service address for the plaintiff. And while the Fifth Circuit has not addressed this precise question, its precedent suggests that such burden remains on the plaintiff, leaving it as a ministerial task to the US Marshals Service to simply complete the forms and effect service.

For example, in *Rochon v Dawson*, 828 F2d 1107, 1110 (5th Cir 1987), an incarcerated prisoner proceeding *in forma pauperis* was on notice that attempts at service on one defendant had failed based on information he provided. The Fifth Circuit upheld the eventual dismissal of the action against that defendant for failure of service due to "inaction and dilatoriness on his part." Id at 1110. The court stated that while "plaintiffs proceeding in forma

pauperis may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." Ibid.

Other cases considering *Rochon* and whether to order relief from the service deadline set forth in Rule 4(m) have afforded relief where the plaintiff had provided the correct service address. See *Lindsey v United States Railroad Retirement Board*, 101 F3d 444, 445 (5th Cir 1996) (AUSA provided plaintiff correct service address to serve United States, and plaintiff presented service request to district court with that address); *Cornish v Texas Board of Criminal Justice Office of the Inspector General*, 141 Fed App'x 298, 301 (5th Cir 2005) (abuse of discretion to dismiss complaint where "the Marshal fails to serve a properly addressed summons to a defendant"); see also *Wharton v Metropolitan Transit Authority of Harris County*, 2005 WL 1653075, *2 (SD Tex) (directing US Marshals Service to make service of process on names and addresses appearing in complaint).

The Court declines the request to order the US Marshals Service to undertake investigation of the subject claim for purposes of making service. Such an order is particularly unwarranted here, where Plaintiff provides no details of his efforts or investigation to determine the correct service address. The Court thus instructs him to undertake further inquiry to determine the proper service address, including inquiry with the Texas Secretary of State, internet-based searches, and telephone calls. He may seek further relief in this regard, if necessary, on showing of good faith and diligent attempt in this regard.

The Court notes that the complaint asserts that US Direct Express has a contractual or other business relationship with the Social Security Administration to provide debit card services to beneficiaries. Dkt 1 at ¶ 1. The Commissioner of Social Security has already been served, and an Assistant US Attorney has entered appearance as counsel. The Court directs counsel to make good faith inquiry with her client to ascertain and provide a proper service address for Defendant US Direct Express by May 29, 2020. See *Lindsey*, 101 F3d at 445. Failing this, counsel

must explain what inquiry was undertaken and why such information is not available.

### 2. Appointment of counsel

Plaintiff also requests appointment of counsel. He asserts as reasons his failure to effect service, an unspecified disability, his indigency, and a desire to conserve judicial resources. Dkt 6 at 2.

The *in forma pauperis* statute states, "The court may request an attorney to represent any person unable to afford counsel." 28 USC § 1915(e)(1). While this affords the district court discretion to request an attorney to represent a litigant unable to employ counsel in a civil case, Congress has appropriated no funds for payment to such counsel. *Wharton*, 2005 WL 1653075 at *4. The Seventh Circuit has observed that while the plain language of the statute "legitimizes" a court's request for a *pro bono* lawyer, it "suggests no congressional preference for recruitment of counsel in any particular circumstance or category of case." *Pruitt v Mote*, 503 F3d 647, 654 (7th Cir 2007).

As such, there is no automatic right to the appointment of counsel in a civil case. *Salmon v Corpus Christi Independent School District*, 911 F2d 1165, 1166 (5th Cir 1990). The Fifth Circuit instead instructs a district court to exercise its discretion on consideration of several factors:

- o The suit's complexity;
- o The ability of the indigent litigant to present the case;
- o The litigant's ability to investigate the case; and
- o The skill required to litigate the case before the court.

*United States v $16,540.00 in US Currency*, 273 F3d 1094, 1094 (5th Cir 2001) (unpublished), citing *Ulmer v Chancellor,* 691 F2d 209, 212–13 (5th Cir 1982).

Plaintiff seeks $1,663.79 in damages related to deductions made from his social security debit card. Dkt 1 at ¶ 18. While undoubtably important to him, nothing suggests that this case is more complex or exceptional than a typical case. His complaint and present motion both show quite clearly that he is able to identify and articulate his points. Indeed, the complaint itself reveals substantial investigation, including online and LexisNexis

4

inquiry. Id at ¶ 17. And nothing in the allegations suggest complicated or extensive discovery in the future or, for instance, difficult cross-examination of witnesses.

The request to appoint counsel is denied. But the Court will exercise its discretionary authority on its own, if and when such assignment would benefit the parties, the Court, and the proper administration of justice. See *Wharton*, 2005 WL 1653075 at *4.

3. Conclusion

The motion requesting service on defendants by the United States Marshals Service and for appointment of counsel is DENIED. Dkt 6.

The Court ORDERS counsel to Defendant Commissioner of Social Security to provide a proper service address for Defendant US Direct Express by May 29, 2020, or otherwise explain what investigation was undertaken and why such information is not available.

SO ORDERED.

Signed on May 7, 2020 at Houston, Texas.

*[signature: Chs R Eshridge II]*

Hon. Charles Eskridge
United States District Judge